UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANYCE PASKOWSKY,

    Plaintiff,

v.                                                                                                         Case No: 8:17-cv-95-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**<u>ORDER</u>**

    Plaintiff, Janyce Paskowsky, seeks judicial review of the denial of her claim for disability insurance benefits and a period of disability. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

**A.    Procedural Background**

    Plaintiff filed an application for disability insurance benefits on January 29, 2014. (Tr. 13.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 111–17.) Plaintiff then requested an administrative hearing. (Tr. 122.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 32–46.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 13–24.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–4.) Plaintiff then timely filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B. **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1952, claimed disability beginning on May 18, 2013. (Tr. 207.) Plaintiff has a high school education. (Tr. 211.) Plaintiff's past relevant work experience included work as a personal banker. (*Id*.) Plaintiff alleged disability due to myocardial infarction, coronary artery bypass graft, and diabetes mellitus. (Tr. 210.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since May 18, 2013, the alleged onset date. (Tr. 15.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: status post myocardial infarction, status post coronary artery bypass graft x5, and coronary artery disease. (*Id*.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with additional limitations. (Tr. 17.) Specifically, the ALJ limited Plaintiff to occasionally lifting and carrying up to twenty pounds, frequently lifting and carrying up to ten pounds, and standing, walking, and sitting for six hours in an eight hour work-day. (*Id*.) The ALJ further determined that Plaintiff had postural limitations, including never climbing ladders, ropes, or scaffolds, and occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. (*Id*.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 19.)

Considering Plaintiff's noted impairments, the ALJ determined that Plaintiff could perform her past relevant work as a personal banker. (Tr. 23.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 24.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national

economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in relying on vocational evidence from non-expert disability examiner Craig Noll in determining

Plaintiff's past relevant work; (2) the ALJ erred in rejecting the opinion of treating physician Dr. Alexander Johnson; and (3) the ALJ erred in assessing Plaintiff's credibility. For the reasons that follow, none of these contentions warrant reversal.

### A. Plaintiff's Past Relevant Work

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because he relied on the opinion of a non-expert in determining that Plaintiff can perform her past relevant work. (Dkt. 17 at 4.) Plaintiff argues that the ALJ improperly found that Plaintiff's past relevant work was sedentary because he relied upon the opinion of a non-expert instead of the vocational expert's ("VE") testimony. (*Id.*)

Step four of the sequential process requires the ALJ to assess the claimant's RFC and ability to undertake past relevant work. *See* 20 C.F.R. § 416.920(a)(4)(iv). The claimant bears the burden of demonstrating she can no longer engage in past relevant work. *See Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). A claimant can perform her past work if her RFC is sufficient to meet the demands of the relevant job. *See* 20 C.F.R. §§ 404.1560(b), 416.960(b). The ALJ must evaluate the claimant's ability to perform all the duties required by past relevant work—considering the claimant's impairments. *See Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990). The ALJ's decision is reviewed under the substantial evidence standard. *Nye v. Comm'r of Soc. Sec.*, 524 F. App'x. 538, 544 (11th Cir. 2013); *Battle v. Astrue*, 243 F. App'x. 514, 523 (11th Cir. 2007).

Upon reconsideration of Plaintiff's disability application, disability examiner Craig Noll evaluated Plaintiff's application on behalf of the Social Security Administration. (Tr. 106–07.) Mr. Noll opined that Plaintiff's past relevant work as a personal banker corresponded to work listed as an "accountant, systems," in the Dictionary of Occupational Titles, ("DOT"). (Tr. 106.)

The "accountant, systems" occupation, or accounting-system expert, is listed as sedentary work. DICOT 160.167-026, 1991 WL 647254. Based on the RFC assessment by consulting physician Dr. Cristina Rodriguez, Mr. Noll further opined that Plaintiff can perform her past relevant work as generally performed in the national economy. (Tr. 106.)

During the hearing, Plaintiff testified that she worked as a personal banker. (Tr. 36.) Her job responsibilities consisted of "[o]pening accounts, making calls, and building business." (Tr. 37.) She also dealt with the safe deposit boxes and helped the bank tellers when necessary. (*Id.*) Plaintiff testified that she sat much of the day, and the heaviest amount she lifted was twenty-five pounds. (Tr. 36–37.) When asked to identify Plaintiff's past relevant work, the VE testified that Plaintiff's past relevant work did not correspond to one particular job listed in the DOT, but was a composite of three different occupations. (Tr. 44.) The VE reasoned that Plaintiff's work as a personal banker included the responsibilities of a safe deposit box rental clerk, classified as light work, a customer service representative, classified as sedentary work, and a sales representative in financial services, classified as light work. (Tr. 44–45.)

Plaintiff argues that the ALJ's determination that Plaintiff is able to perform her past relevant work is not supported by substantial evidence because the ALJ did not rely on the testimony of a qualified VE. (Dkt. 17 at 8.) Contrary to Plaintiff's argument, although the regulations permit an ALJ to consider a VE's opinion when making the determination of whether a claimant can perform past relevant work, the ALJ is not required to rely on vocational testimony. *See* 20 C.F.R. § 404.1560(b)(2); *Bliss v. Comm'r of Soc. Sec. Admin.*, 254 F. App'x 757, 758 (11th. Cir. 2007) ("Vocational testimony is not necessary when the ALJ concludes a claimant can perform his past relevant work.") (citing *Lucas*, 918 F.2d at 1573 n. 2).

The Commissioner argues, and the Court agrees, that substantial evidence supports the ALJ's finding that Plaintiff's past relevant work as generally performed did not involve demands in excess of her RFC. (Dkt. 19 at 5.) The ALJ reviewed the record, finding that Plaintiff has the RFC to perform light work with additional limitations. The ALJ reasoned that although exertional tolerances are discussed by Plaintiff's physicians, there are no current limitations noted with regard to her ability to exercise, lift, carry, stand, walk, sit, climb, balance, stoop, kneel, crouch, or crawl. (Tr. 21.) The ALJ discussed Plaintiff's medical records at length, noting Plaintiff's May 2013 coronary artery bypass procedure and June 2013 right femoral pseudoaneurysm. (Tr. 17, 331, 345.) The ALJ further noted that a June 2013, echocardiogram showed no diastolic dysfunction and Plaintiff was participating in physical therapy, walking with a steady gait. (Tr. 20, 326.) In July 2013, Dr. Hugh VanGelder noted that Plaintiff was walking with a steady gait and without difficulty and recommended she increase her activities on a daily basis. (Tr. 21, 374–75.) In September 2013, Plaintiff's physician Dr. Anthony Murphy reported that Plaintiff had recovered from her pseudoaneurysm. (Tr. 20, 345.) Dr. Johnson noted that Plaintiff's exertional tolerance was limited to activities of mild exertion because of shortness of breath and did not recommend Plaintiff return to full activities. (Tr. 21, 364–65.) In December 2014, Dr. Johnson recommended Plaintiff build her stamina by increasing her aerobic activity. (Tr. 21, 426.) In March 2014, Plaintiff reported to Dr. Venkata Budharaju that she was feeling fairly well overall. (Tr. 21, 419.) In June 2014, Dr. Johnson recommended activity as tolerated as well as diet and exercise for weight loss and improved stamina. (Tr. 21, 429.) Dr. Budharaju noted that Plaintiff continued to have poor exercise tolerance and shortness of breath. (Tr. 21, 455.) However, in September 2014, Dr. Budharaju noted Plaintiff's improved exercise tolerance after her cardiac rehabilitation, and noted her continued efforts towards an exercise program through June 2015. (Tr. 21, 446, 452.)

The ALJ accorded great weight to the opinion of consulting physician Dr. Rodriguez. (Tr. 21.) Dr. Rodriguez reviewed Plaintiff's medical records and concluded that Plaintiff was doing well with no cardiac symptoms. (Tr. 105.) Dr. Rodriguez opined that Plaintiff is capable of performing light work with occasional lifting and carrying up to twenty pounds and frequent lifting and carrying up to ten pounds. (Tr. 103–04.) Dr. Rodriguez further opined that Plaintiff can stand, walk, and sit for six hours in an eight hour work-day, cannot climb ladders, ropes, or scaffolds, and can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (*Id.*) Given the evidence in the record, the ALJ's RFC finding is supported by substantial evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (affirming the ALJ's RFC determination as supported by substantial evidence despite claimant's citing other record evidence to challenge the ALJ's RFC assessment).

Plaintiff argues that the job identified by the ALJ does not correspond exactly with Plaintiff's description of her past relevant work. (Dkt. 17 at 6–8.) However, as the Commissioner contends (Dkt. 19 at 6), "[t]he regulations require that the claimant not be able to perform [her] past *kind* of work, not that [s]he merely be unable to perform a specific job [s]he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (emphasis in original.) "Accordingly, where the claimant's specific prior job might have involved functional demands and duties significantly in excess of those generally required for such work by employers in the national economy, the claimant must still demonstrate that, in addition to being unable to perform the excessive functional demands actually required by her former job, she cannot perform the functional demands and job duties of the position as generally required by employers nationwide." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010). Here, the job of

accounting-system expert encompassed the kind of work Plaintiff performed in her past work as a personal banker. (Tr. 23.)

In sum, the evidence supports the ALJ's finding that Plaintiff has the RFC to perform light work with additional restrictions. The ALJ reviewed Plaintiff's medical records and Plaintiff's subjective statements, to the extent those statements were credible. *See Nye*, 524 F. App'x at 544. The ALJ further relied on the opinion of Mr. Noll and the description of an accounting-system expert in the DOT to find that Plaintiff is capable of performing her past relevant work. (Tr. 23.) Because Plaintiff was found to be able to perform light work, she is also able to perform sedentary work, such as an accounting-system expert as described in DOT. *See* 20 C.F.R. § 404.1567(b). The Court notes that Plaintiff does not argue that she cannot perform work as an accounting-system expert. Nor does she point to any specific record indicating limitations that would render Plaintiff unable to perform sedentary work. It is Plaintiff's burden to prove she is unable to perform previous work. *Lucas*, 918 F.2d at 1571. "The necessary consequence of this burden is that the claimant has the burden of showing that certain work experience is not past relevant work." *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991) (citing *Smith v. Sec. of Health and Human Services*, 893 F.2d 106, 109 (6th Cir. 1989)). Plaintiff offers no evidence to rebut the ALJ's determination that she is able to perform her past relevant work as an accounting-system expert. Thus, Plaintiff's argument does not warrant reversal. *See Battle*, 243 F. App'x at 523 ("When deciding the case, it is the ALJ's duty to weigh the evidence and testimony, to resolve the conflicts in the evidence and testimony, and determine whether [plaintiff] with his RFC can return to his past relevant work, and we will not substitute our judgment for the ALJ's.").

Plaintiff briefly states in a footnote that Plaintiff should have been given the opportunity to confront or cross-examine Mr. Noll. (Dkt. 17 at 10.) However, Plaintiff does not expand on this

argument. As such, Plaintiff's statement is insufficient to raise this issue for appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."). Further, the Court notes that Mr. Noll's evaluation was in the record at the time of the hearing, and Plaintiff did not have any objections to the record. (Tr. 34.)

### B. Opinion of Dr. Johnson

Plaintiff next contends that the ALJ erred in rejecting the opinion of treating physician Dr. Johnson. (Dkt. 17 at 11.) Specifically, Plaintiff argues that the ALJ did not provide sufficient reasoning for according Dr. Johnson's opinion little weight. (Dkt. 17 at 13.) Plaintiff asserts that the ALJ failed to discuss Dr. Johnson's treating relationship with Plaintiff. (*Id.*) Further, Plaintiff argues that the ALJ failed to acknowledge that both Plaintiff and Dr. Johnson described side effects of her medications as affecting her ability to work, requiring frequent bathroom breaks and the elevation of her legs. (Dkt. 17 at 16–17.) Plaintiff also argues that the ALJ should have contacted Dr. Johnson for clarification regarding his records or arranged for a consultative examination of Plaintiff. (Dkt. 17 at 18.)

Medical opinions are statements from physicians or other acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, the claimant's ability to perform despite impairments, and the claimant's physical or mental restrictions. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011). In determining the weight to afford a medical opinion,

the ALJ considers the examining and treatment relationship between the claimant and doctor, the length of the treatment and the frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the specialization of the doctor, and other factors that tend to support or contradict the opinion. *Hearn v. Comm'r of Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015).

The medical opinions of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2). Good cause exists when the doctor's opinion is not bolstered by the evidence, the evidence supported a contrary finding, or the doctor's opinion is conclusory or inconsistent with his or her own medical records. *Winschel*, 631 F.3d at 1179. The ALJ must state with particularity the weight given to different medical opinions and the reasons for the ascribed weight. *Id.* Importantly, however, while all medical opinions must be considered, including opinions regarding a claimant's RFC, a claimant's RFC is a decision "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2); *Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 877–78 (11th Cir. 2013).

Plaintiff's medical records show that Plaintiff received ongoing medical treatment from Dr. Johnson from July 2013 through June 2015 for her heart conditions at the Heart Institute. (Tr. 352–408, 422–430.) In an October 28, 2015 letter, Dr. Johnson opined that Plaintiff's history of coronary artery disease, heart bypass surgery, hypertension, diabetes, and peripheral vascular disease limited her ability to walk for any distance without fatigue and dyspnea and is unable to climb more than a few stairs. (Tr. 458.) Dr. Johnson further opined that Plaintiff had chronic lower extremity edema requiring a diuretic that necessitated frequent bathroom breaks and the

elevation of her legs. (*Id.*) Dr. Johnson concluded that Plaintiff "would be unable to tolerate even a sedentary work environment." (*Id.*)

In his decision, the ALJ considered all the evidence and afforded Dr. Johnson's opinion little weight. (Tr. 22.) In doing so, the ALJ specifically noted that Dr. Johnson "was a treating physician for the claimant" and thoroughly discussed Dr. Johnson's treatment of Plaintiff multiple times throughout his decision. (Tr. 16–17, 19–22.) The ALJ reasoned that the October 2015 letter was prepared four months after Plaintiff's last treatment record, dated Jun 10, 2015, and there is no evidence that the letter was prepared at an appointment at which Dr. Johnson observed and treated Plaintiff. (Tr. 22.) The ALJ further reasoned that Dr. Johnson's treatment records do not reflect the limitations described in the letter and that medical records from Dr. Budharaju are not consistent with Dr. Johnson's recommendation. (*Id.*)

First, Dr. Johnson's opinion that Plaintiff "would be unable to tolerate even a sedentary work environment" (Tr. 458) is not a medical opinion entitled to deference but instead is an opinion on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d) (explaining that opinions on issues reserved to the Commissioner "are not medical opinions" and "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that" the claimant will be determined to be disabled).[1]

Further, the ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). Here, the ALJ's considerations that Dr. Johnson's opinions were unsupported by his own treatment records and inconsistent with and not bolstered by the record evidence are the appropriate considerations in according a treating physician's opinions less than substantial weight, *Phillips v. Barnhart*, 357 F.3d 1232, 1240–41

---

[1] For claims filed before March 27, 2017, including Plaintiff's claim, 20 C.F.R. § 404.1527 applies.

(11th Cir. 2004), and the ALJ's conclusion is supported by substantial evidence. As the ALJ identified (Tr. 22), Dr. Johnson recommended activity as tolerated and encouraged an increase in aerobic activity, discussing exercise strategies. (Tr. 22, 352, 426, 429.) Additionally, Dr. Budharaju continuously recommended an exercise regimen for Plaintiff, which is inconsistent with Dr. Johnson's October 2015 opinion. (Tr. 22, 446, 447, 449, 452.)

Plaintiff argues that the ALJ failed to consider Plaintiff's side effects of her medications, requiring frequent bathroom breaks and the need to elevate her legs, as discussed by Dr. Johnson. (Dkt. 17 at 16–17.) Contrary to Plaintiff's argument, the ALJ explicitly addressed Plaintiff's alleged side effects of frequent urination, nausea, fatigue, and mental acuity. (Tr. 20.) The ALJ concluded that the side effects are not reflected in the record, reasoning that Plaintiff regularly denied frequent urination, nausea, and fatigue and other than Plaintiff's own testimony, decreased mental acuity is not noted in the record. (Tr. 20, 415, 419, 423, 426, 429, 443, 445, 448–50, 452–53, 455–56.)

Plaintiff further contends that the ALJ should have contacted Dr. Johnson to clarify any conflicts in his treatment records or arranged for a consultative examination. (Dkt. 17 at 18.) However, under the regulations, the ALJ "may recontact [a] medical source" if there is insufficient evidence to determine whether a claimant is disabled. 20 C.F.R. § 404.1520b(b). Likewise, the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). The regulations "may require" a consultative examination only when necessary information is not in the record and cannot be obtained from the claimant's treating medical sources or other medical sources. 20 C.F.R. § 404.1519a(b). Here, as discussed above, the ALJ's findings were based on ample record evidence.

Thus, the ALJ was not required to contact Dr. Johnson nor obtain a consultative examination for Plaintiff. Further, "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

To the extent Plaintiff requests that this Court reweigh the evidence underlying the ALJ's decision to accord Dr. Johnson's opinions limited weight (Dkt. 17 at 14–16), this Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary," but instead must affirm when, as here, the Commissioner's decision is supported by substantial evidence. *Bloodsworth*, 703 F.2d at 1239. Therefore, for the foregoing reasons, Plaintiff's contention does not warrant remand.

C.     **Credibility Determination**

Plaintiff next contends that the ALJ's credibility finding was not proper. (Dkt. 17 at 21.) Specifically, Plaintiff argues that the ALJ erred in failing to discuss Plaintiff's work history. (*Id*.) Plaintiff asserts the ALJ was required to consider Plaintiff's forty-three consecutive years of employment in the credibility determination. (Dkt. 17 at 24.)

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). A three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must show: (1) objective medical evidence of an underlying medical condition and either (2) objective medical evidence that substantiates the severity of the pain from

the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Id.*; *Wilson*, 284 F.3d at 1225.

An ALJ's determination of the credibility of a claimant's testimony regarding subjective pain is entitled to deference and a reviewing court will not disturb a clearly-articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Thus, if an ALJ discredits a claimant's testimony, the ALJ must articulate, explicitly and adequately, reasons for not crediting the testimony. *Holt*, 921 F.2d at 1223–24. "Implicit in this rule is the requirement that such articulation of reasons . . . be supported by substantial evidence." *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Dyer*, 395 F.3d at 1212 (finding the ALJ's articulation of reasons for discrediting a claimant's testimony supported by substantial evidence because the ALJ considered the claimant's daily activities, frequency of symptoms, and types and dosages of medication). If an ALJ fails to adequately explain the reasons for discrediting a claimant's testimony, the testimony must be accepted as true as a matter of law. *Hale*, 831 F.2d at 1012.

When evaluating a claimant's subjective symptoms, the ALJ must consider factors such as the following: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. 20 C.F.R. § 404.1529(c)(3). The credibility determination does not need to use particular phrases or formulations. However, it cannot merely be a broad rejection that is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210.

As the reviewing Court, "[t]he question is not . . . whether the ALJ could have reasonably credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it."

*Werner v. Comm'r Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's pain testimony because the testimony was inconsistent with claimant's testimony regarding his daily activities and with the records from his treating and examining physicians, showing claimant was capable of doing light work); *Dyer*, 395 F.3d at 1212 (reversing the district court's reversal of the ALJ's decision because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony).

In his decision, the ALJ evaluated Plaintiff's subjective symptoms and gave specific reasons as to why he found them not fully credible. The ALJ reasoned that Plaintiff's treatment record is inconsistent with her allegations. (Tr. 19–20.) The ALJ considered the discrepancies in Plaintiff's allegations and her statements to treating physicians regarding her chest pain, exertional limitations, shortness of breath, heart palpitations, and side effects from medications. (*Id.*) Plaintiff's treatment and objective evidence are both appropriate considerations in evaluating Plaintiff's credibility. 20 C.F.R. § 404.1529(c)(2), (3). Further, while the regulations include prior work as a consideration in determining a claimant's credibility, there is no requirement that a claimant's work history be given significant weight or an extended discussion. *Id.* Here, despite Plaintiff's argument, the ALJ did discuss Plaintiff's work history, noting that she spent twenty-eight years as a personal banker. (Tr. 23.)

Thus, the ALJ properly articulated his reasons for discrediting Plaintiff's subjective complaints of pain, devoting more than four pages of his decision to recount the medical evidence and specify how Plaintiff's subjective complaints were not fully supported by the evidence. (Tr. 18–21.) *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (finding that an ALJ's decision is not a broad rejection when it is sufficient to enable the court to conclude

that the ALJ considered the claimant's medical condition as a whole); *Leiter v. Comm'r of Soc. Sec. Admin.*, 377 F. App'x 944, 948 (11th Cir. 2010) (finding that the ALJ's credibility determination was supported by substantial evidence because the ALJ clearly articulated explicit reasons for rejecting the claimant's subjective complaints). Therefore, the ALJ properly applied the pain standard and sufficiently articulated his reasons for discrediting Plaintiff's testimony. Plaintiff's final contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED.**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on February 13, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record